UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

GLORIA GEAR,

                                        Plaintiff,

                  -against-

DEPARTMENT OF EDUCATION; ROSALYN
ALLMAN-MANNING; LAURIE ADRAGNA; BETTY
OXFORD; DORIS MACKEY; MARY HELFICH;
FRANK A. NICHOLAS; CONCETTA TRICARICO;
MS. ROSIE MALDONADO; MS. CRYSTAL ERRICO;
GESI GOODMAN; PATRICIA ROSMARIN; KATY
AMATO; MS. AMY DAVIS; DEPARTMENT OF
EDUCATION OFFICE OF EQUAL OPPORTUNITY;
and JOAN THOMPSON

                                        Defendants.

------------------------------------------------------------------ X

**NOTICE OF MOTION TO
DISMISS THE AMENDED
COMPLAINT**

07 CIV. 11102 (NRB)

**PLEASE TAKE NOTICE** that, upon the Local Civil Rule 12.1 Notice To Pro se

Litigant Opposing Motion To Dismiss, dated August 18, 2008, the accompanying Defendants'

Memorandum of Law In Support of Their Motion To Dismiss The Complaint dated August 14,

2008, and all the papers and proceedings previously had herein, the undersigned will move this

Court, before the Honorable Naomi Buchwald, United States District Court Judge, at the United

States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York,

New York 10007, on a date and at a time to be designated by the Court, for an order, pursuant to

Rules 4(c)(1), 12(b)(2),(4),(5), and (6), and 17(b) of the Federal Rules of Civil Procedure,

dismissing the amended complaint in its entirety against defendants on the grounds that: (1) the

Court does not have personal jurisdiction over defendant Joan Thompson because she was not

properly served with process; (2) defendant the Department of Education Office of Equal

Opportunity is not a suable entity; (3) the individually-named defendants may not be held personally liable under Title VII; (4) plaintiff's Title VII claims that are based on discrete acts of discrimination are time-barred; (5) the amended complaint fails to state a cause of action for unlawful employment discrimination based on race or color, retaliation, or hostile work environment; and (6) plaintiff's defamation claim, as well as her New York State and City Human Rights Law claims, are barred by failure to file and plead a notice of claim against the school district, which is a condition precedent to their commencement; and for such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that, plaintiff's answering papers, if any, shall be served on the undersigned no later than September 19, 2008, and that defendants' reply papers, if any, shall be served on or before October 3, 2008.

Dated:     New York, New York
           August 18, 2008

**MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-193
New York, New York 10007-2601
(212) 442-3229

By:     _____
                Danielle J. Barrett
            Assistant Corporation Counsel

TO:   **GLORIA GEAR**
      Plaintiff *pro se*
      5007 Broadway, #6-C
      Long Island City, New York 11377
      (347) 730-8198

Notice To Pro Se Litigant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

GLORIA GEAR,

                                   Plaintiff,

                -against-

DEPARTMENT OF EDUCATION; ROSALYN
ALLMAN-MANNING; LAURIE ADRAGNA; BETTY
OXFORD; DORIS MACKEY; MARY HELFICH;
FRANK A. NICHOLAS; CONCETTA TRICARICO;
MS. ROSIE MALDONADO; MS. CRYSTAL ERRICO;
GESI GOODMAN; PATRICIA ROSMARIN; KATY
AMATO; MS. AMY DAVIS; DEPARTMENT OF
EDUCATION OFFICE OF EQUAL OPPORTUNITY;
and JOAN THOMPSON

                                Defendants.

------------------------------------------------------------------------ X

**NOTICE TO PRO SE
LITIGANT OPPOSING
MOTION TO DISMISS**

07 CIV. 11102 (NRB)

       **PLEASE TAKE NOTICE** that, pursuant to Rules 12(b) of the Federal Rules of

Civil Procedure and Rule 12.1 of the Local Civil Rules of the United States District Court for the

Southern and Eastern Districts of New York, defendants, by their attorney, Michael A. Cardozo,

Corporation Counsel of the City of New York, hereby notify the plaintiff that:

       1.      Defendants have moved to dismiss the amended complaint in this action

pursuant to 12(b)(2),(4),(5), and (6) of the Federal Rules of Civil Procedure.  This means that the

defendants have asked the Court to decide this case without a trial, based on written materials

submitted in support of their motion.  You are warned that the Court may treat this motion as a

motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For this

reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED

WIHTOUT TRIAL IF YOU DO NOT RESPOND TO THIS MOTION** by filing sworn

affidavits or other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure is annexed hereto as Exhibit "A."

      2.    In short, Rule 56 provides that you may NOT oppose the defendants' motion simply by relying upon the allegations in your amended complaint.  Rather, you must submit evidence, such as witness statements, or documents, countering the facts asserted by the defendants and raising issues of fact for trial.  Any witness statements must be submitted in the form of affidavits.  You may submit your own affidavit and/or the affidavits of others.  You may submit affidavits that were prepared specifically in response to the defendants' motion.

      3.    If you do not respond to defendants' motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true.  Judgment may then be entered in defendants' favor without trial.

      4.    If you have any questions, you may direct them to the Pro Se Office.

Dated:     New York, New York
            August 18, 2008

                                   **MICHAEL A. CARDOZO**
                                   Corporation Counsel of the
                                    City of New York
                                   Attorney for Defendants
                                   100 Church Street, Room 2-314
                                   New York, New York 10007-2601
                                   (212) 227-3153
                                   lmartine@law.nyc.gov

                By:    **ECF**       **/s/**  _____
                                   Larry R. Martinez
                                 Assistant Corporation Counsel

TO:   **GLORIA GEAR**
Plaintiff *pro se*
5007 Broadway, #6-C
Long Island City, New York 11377
(347) 730-8198

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- X

GLORIA GEAR,

                                                   Plaintiff,

                        -against-

DEPARTMENT OF EDUCATION; ROSALYN
ALLMAN-MANNING; LAURIE ADRAGNA; BETTY
OXFORD; DORIS MACKEY; MARY HELFICH;
FRANK A. NICHOLAS; CONCETTA TRICARICO;
MS. ROSIE MALDONADO; MS. CRYSTAL ERRICO;
GESI GOODMAN; PATRICIA ROSMARIN; KATY
AMATO; MS. AMY DAVIS; DEPARTMENT OF
EDUCATION OFFICE OF EQUAL OPPORTUNITY;
and JOAN THOMPSON

                                            Defendants.

--------------------------------------------------------------------- X

**NOTICE TO PRO SE
LITIGANT OPPOSING
MOTION TO DISMISS**

07 CIV. 11102 (NRB)

       **PLEASE TAKE NOTICE** that, pursuant to Rules 12(b) of the Federal Rules of Civil Procedure and Rule 12.1 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, hereby notify the plaintiff that:

               1.       Defendants have moved to dismiss the amended complaint in this action pursuant to 12(b)(2),(4),(5), and (6) of the Federal Rules of Civil Procedure. This means that the defendants have asked the Court to decide this case without a trial, based on written materials submitted in support of their motion. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, **THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WIHTOUT TRIAL IF YOU DO NOT RESPOND TO THIS MOTION** by filing sworn

affidavits or other papers as required by Rule 56(e).  An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial.  The full text of Rule 56 of the Federal Rules of Civil Procedure is annexed hereto as Exhibit "A."

2.      In short, Rule 56 provides that you may NOT oppose the defendants' motion simply by relying upon the allegations in your amended complaint.  Rather, you must submit evidence, such as witness statements, or documents, countering the facts asserted by the defendants and raising issues of fact for trial.  Any witness statements must be submitted in the form of affidavits.  You may submit your own affidavit and/or the affidavits of others.  You may submit affidavits that were prepared specifically in response to the defendants' motion.

3.      If you do not respond to defendants' motion on time with affidavits or documentary evidence contradicting the facts asserted by the defendants, the Court may accept defendants' factual assertions as true.  Judgment may then be entered in defendants' favor without trial.

EXHIBIT A

# FEDERAL RULES OF CIVIL PROCEDURE

**RULE 56. Summary Judgment**

**(a) For Claimant.**  A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.**  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.**  The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.**  If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceeding in the action as are just.  Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.**  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's

pleading, but the adverse party's response, by affidavits or as other provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

GLORIA GEAR,

                                     Plaintiff,

-against-

DEPARTMENT OF EDUCATION; ROSALYN
ALLMAN-MANNING; LAURIE ADRAGNA; BETTY
OXFORD; DORIS MACKEY; MARY HELFICH;
FRANK A. NICHOLAS; CONCETTA TRICARICO;
MS. ROSIE MALDONADO; MS. CRYSTAL ERRICO;
GESI GOODMAN; PATRICIA ROSMARIN; KATY
AMATO; MS. AMY DAVIS; DEPARTMENT OF
EDUCATION OFFICE OF EQUAL OPPORTUNITY;
and JOAN THOMPSON

                                     Defendants.

-------------------------------------------------------------- X

**AFFIDAVIT OF JOAN THOMPSON**

07 CIV. 11102 (NRB)

       **JOAN THOMPSON,** being duly sworn, deposes and says that:

           1.     I am the Executive Director at the Civilian Complaint Review Board ("CCRB"). I have served in this position since October 15, 2007. As the Executive Director, I am responsible for the day to day operations of the agency.

           2.     Prior to October 15, 2007, I was Director of the New York City Department of Education's Office of Equal Employment Opportunity ("OEO"), and had served in that position since September 19, 2005. I ceased to be employed in the OEO on October 14, 2007. In my former capacity as Director of OEO, I was responsible for the day to day operations of the OEO where we take complaints of discrimination from DOE employees. As such, I am familiar with the facts set forth in this affidavit, which are based on my personal knowledge and a review of the documents presented to me by my attorney.

3.   I submit this affidavit in support of Defendants' Motion to Dismiss the Amended Complaint, to provide the Court with an explanation with regards to plaintiff's failure to serve me with the Summons and Amended Complaint in the above-captioned action.

4.   On or about May 29, 2008, I received a letter from the First Deputy Counsel of the New York City Department of Education ("DOE"), Ms. Judy Nathan ("Nathan"), advising that I had been named as a defendant in the above-captioned action. See the letter from Ms. Nathan, dated May 23, 2003, which is annexed hereto as Exhibit "1." Since I was no longer employed by DOE, Nathan mailed the letter to me at the CCRB, which was, and is still, my employer. Enclosed with this letter was a Request for Legal Representation Form, which the letter advised I may complete, if I wished for DOE to consider my request that I be represented in this action by the Office of Corporation Counsel ("Corporation Counsel"). Id. The letter also instructs that, among other documents, I should submit to DOE the summons and complaint served on me, in connection with my request for legal representation by Corporation Counsel.

5.   On or about May 30, 2008, I contacted Ms. Nathan and told her that I had not been served with either a summons or complaint in this action.

6.   On June 2, 2008, I completed the Request For Legal Representation form that I had received, and submitted it, along with a handwritten memo, to the DOE. See the Request For Legal Representation form, dated June 2, 2008, and the handwritten memo, copies of which are annexed hereto, collectively, as Exhibit "2." In my handwritten memo, I again informed DOE that I had not received a summons or complaint in this action. Id.

7.   To date, I have not been served with a summons and complaint in this action.

Dated: New York, New York

August 18 , 2008

_____

for   **JOAN M. THOMPSON**

Sworn to this ___18___ day
of August, 2008

Notary Public
MEERA J. CATTAFESTA
Notary Public, State of New York
No. 02CA8020078
Qualified in New York County
Commission Expires 02/22/20 11

EXHIBIT 1



**Department of Education**

Joel I. Klein
*Chancellor*

Michael Best
*General Counsel*
52 Chambers Street
Room 308
New York, NY 1007

+1 212.374.6888 tel
+1 212 374.5596 fax

May 23, 2008

Ms. Joan Thompson
Executive Director
Civilian Complaint Review Board
40 Rector Street – 2nd Floor
New York, New York 10006

*Re: Gloria Gear v. Department of Education, et. al.*
   *United States District Court – Southern District of New York*
   *Case Number 07 Civ. 11102 (NRB)*

Dear Ms. Thompson:

Enclosed please find a copy of a Request for Legal Representation Form. Please complete the form and return it to me as soon as possible along with the summons and complaint, your written statement, and any other relevant documents, e.g. occurrence reports, witness statement about the complaint. We will then review your request and make a recommendation to the Office of the Corporation Counsel about whether or not that office should provide representation to you.

Very truly yours,

Judy E. Nathan
First Deputy Counsel

Enclosure

*Hope all is well with you.*
*judy*

New York City Department of Education
Office of Legal Services
52 Chambers Street, Room 308
New York, NY 10007

N.R.B.

2008 MAY 29  P 12: 05

Ms. Joan Thompson
Executive Director
Civilian Complaint Review Board
40 Rector Street – 2nd Floor
New York, New York 10006

EXHIBIT 2

**PRIVILEGED & CONFIDENTIAL**
**REQUEST FOR LEGAL REPRESENTATION**

## EMPLOYEE SHOULD COMPLETE TOP SECTION & THEN GIVE TO HIS/HER SUPERVISOR WITH RELEVANT PAPERS

Caption of Case: _____

Name: _Joan M Thompson_        Date: _6/2/08_

Agency, Title: _Director - CEC_        Email address: _jthompson....cb.nyc.gov_

Business address: _105 Court St Bklyn NY_        Home address: _274 Prospect Park West, Bklyn, ..._

Phone number: _(718) 935-4481 (former)_        Phone Number: _(718) 788-1402_
_(212) 442-8731 (pres..)_

How did you receive the papers:   Given to you in person?   Yes ☐   No ☒   By whom: _____   Date: _____

Mailed to your residence or business address?   Yes ☒   Date: _5/29/08_   No ☐
Did you receive additional copies of legal papers in the mail?   Yes ☐   Date: _____   No ☒

If none of the above, describe how you received the papers: _____

Date received: _____
**PLEASE SAVE ANY ENVELOPES IN WHICH PAPERS WERE RECEIVED AND PROVIDE THEM TO THE OFFICE OF LEGAL SERVICES WITH THIS FORM.**
(If you received, or receive in the future, any additional papers, please mail them to the Office of Legal Services at the address below.)

I request representation by the NYC Law Department in this lawsuit. (Please enclose legal papers you have received.)  I REPRESENT THAT ANY CONDUCT AT ISSUE IN THIS LAWSUIT WAS PERFORMED AS PART OF MY WORK RESPONSIBILITIES

_Joan M Thompson_
Signature

## SUPERVISOR SHOULD COMPLETE THIS SECTION AND SEND FORM AND RELEVANT PAPERS TO OFFICE OF LEGAL SERVICES, 52 CHAMBERS ST., RM. 308, NY, NY 10007 (keep a copy for school records)
THIS SECTION DOES NOT NEED TO BE INITIALLY COMPLETED IF THE PERSON SEEKING REPRESENTATION IS THE PRINCIPAL OR A SUPERINTENDENT.  ADDITIONAL INFORMATION MAY BE REQUESTED

|  |  |  |  |
|---|---|---|---|
|  | Was the employee on duty? | Yes ☐ | No ☐ |
|  | Was the conduct part of the employee's work responsibilities? Explain: | Yes ☐ | No ☐ |
| Charges: | Was the employee in violation of any DOE rule or regulation?  If yes, explain. | Yes ☐ | No ☐ |
| Discipline: | Was the employee given a disciplinary letter to file in connection with the events giving rise to this lawsuit?  If yes, please provide a copy. | Yes ☐ | No ☐ |
|  | Were any disciplinary charges brought against the employee? If yes, attach all related papers. | Yes ☐ | No ☐ |
| Reports: | Does an occurrence, accident or incident report exist? If so, please attach copy of the report. | Yes ☐ | No ☐ |
| Recommendation: | Please attach witness statements, and/or investigative reports, if any. Do you recommend that the NYC Law Department defend your employee in this lawsuit? | Yes ☐ | No ☐ |

Signature: _____



# MEMO

## JOAN M. THOMPSON
Executive Director
Civilian Complaint Review Board
40 Rector Street, 2nd Floor
New York, New York 10006
(212) 442-8731
Fax (212) 442-8800

The City of New York

| TO: | DATE: |
| --- | --- |

| [ ] For your information/files | [ ] Note and return |
| [ ] For immediate action | [ ] Note and forward |
| [ ] For comment and reply | [ ] Investigate |
| [ ] For your disposition | [ ] Let's discuss |

**REMARKS**

Dear Judy,
    I have not received the complaint or summons. I have no paperwork regarding this case and frankly, don't remember it. I don't believe it was a case I personally worked on and probably signed a letter of determination as Director.
    I can be reached at (212) 442-8731 should you need to speak to me about that.

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

GLORIA GEAR,

<table>
<tr><td>Plaintiff,</td><td>**AFFIDAVIT OF**</td></tr>
<tr><td>-against-</td><td></td></tr>
<tr><td></td><td>**MECCA E. SANTANA**</td></tr>
</table>

DEPARTMENT OF EDUCATION; ROSALYN
ALLMAN-MANNING; LAURIE ADRAGNA; BETTY      07 CIV. 11102 (NRB)
OXFORD; DORIS MACKEY; MARY HELFICH;
FRANK A. NICHOLAS; CONCETTA TRICARICO;
MS. ROSIE MALDONADO; MS. CRYSTAL ERRICO;
GESI GOODMAN; PATRICIA ROSMARIN; KATY
AMATO; MS. AMY DAVIS; DEPARTMENT OF
EDUCATION OFFICE OF EQUAL OPPORTUNITY;
and JOAN THOMPSON

                                    Defendants.

------------------------------------------------------------------ X

**MECCA SANTANA**, being duly sworn, deposes and says that:

1.      I am the Director of the New York City Department of Education's Office
of Equal Opportunity ("OEO"). I have served in this position since January 10, 2008. As the
OEO Director, I am responsible for supervising investigations of discrimination and unlawful
harassment; developing, conducting and supervising various EEO training programs; creating and
implementing EEO outreach initiatives; drafting and dissemination of EEO policies and procedures;
and ensuring Department wide compliance with applicable federal, state and local civil rights laws.

2.      I submit this affidavit in support of Defendants' Motion to Dismiss the
Amended Complaint, in the above-captioned case. I am familiar with the facts stated in this
affidavit, which are based on my personal knowledge, and the books and records of the New
York City Department of Education ("DOE" or "Department").

3.      The OEO is an internal office within the DOE, and is responsible for ensuring compliance with Chancellor's Regulation A-830, which outlines the DOE's policies and procedures for investigating all internal complaints of unlawful discrimination or harassment made by DOE employees and DOE students.  When an employee files an internal complaint of discrimination or unlawful harassment pursuant to Chancellor's Regulation A-830, OEO conducts a formal investigation.   As part of the investigative process, OEO interviews the appropriate parties, examines relevant evidence, issues a final determination, and, if appropriate, recommends corrective action, including disciplinary action.  OEO only conducts investigations of discrimination or harassment complaints.   If, after completing an investigation, OEO determines that formal disciplinary action is required, OEO may refer the matter to the DOE's Administrative Trials Unit.

4.      OEO is not empowered to sue for violations of law on behalf of the Department, nor may it be sued for such violations.  Rather, OEO's primary function is that of an internal investigative unit, responsible for promoting equal educational and employment opportunities throughout the DOE by ensuring compliance with Chancellor's Regulation A-830, and applicable federal, state, and local civil rights laws.

Dated: Brooklyn, New York
       8/15/   , 2008

_____
                              **Mecca E. Santana**

Sworn to this  _15_  day
of August, 2008

_____
        Notary Public

**NESS MATOS**
**Commissioner Of Deeds**
**City Of New York - No. 4-4004**
**Qualified In Queens County**
**Commission Expires Sept 1, 20 1 0**



2

Docket No. 07 CIV. 11102 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA GEAR,

                                                Plaintiff,

                          -against-

DEPARTMENT OF EDUCATION; ROSALYN
ALLMAN-MANNING; LAURIE ADRAGNA;
BETTY OXFORD; DORIS MACKEY; MARY
HELFICH; FRANK A. NICHOLAS; CONCETTA
TRICARICO; MS. ROSIE MALDONADO; MS.
CRYSTAL ERRICO; GESI GOODMAN; PATRICIA
ROSMARIN; KATY AMATO; MS. AMY DAVIS;
DEPARTMENT OF EDUCATION OFFICE OF
EQUAL OPPORTUNITY; and JOAN THOMPSON

                                                Defendants.

**DEFENDANTS' NOTICE OF MOTION TO
DISMISS THE AMENDED COMPLAINT AND
DEFENDANTS' LOCAL RULE 12.1 NOTICE TO
PRO SE LITIGANT OPPOSING MOTION TO
DISMISS**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-193
New York, N.Y. 10007-2601

*Of Counsel*: Danielle J. Barrett
*Telephone:* (212) 442-3229

Matter No. 2008-019330

*Due and timely service is hereby admitted.*

*Dated:* New York, N.Y.…………………………2008

Signed: ……………………………………………………

Attorney for……………………………………………………